1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                UNITED STATES DISTRICT COURT
16
              NORTHERN DISTRICT OF CALIFORNIA
17
                 SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND      )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-1770-CRB
                                        )
21  This document relates to            )
                                        )  **PFIZER INC., PHARMACIA**
22  ROBERT WHITE, et al.,              )  **CORPORATION, AND G.D.**
                                        )  **SEARLE LLC'S ANSWER TO**
                Plaintiffs,            )  **COMPLAINT**
23                                      )
                                        )
24       vs.                           )  **JURY DEMAND ENDORSED**
                                        )  **HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION, )
   G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), )
26  and DOES 1 through 100,            )
                                        )
27              Defendants.            )
                                        )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                    **I.**

6                       **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiffs and Decedent were

8  prescribed or used Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib)

9  ("Celebrex®").  Accordingly, this Answer can only be drafted generally.  Defendants may seek

10  leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs

11  and Decedent were prescribed and used Bextra® and Celebrex®.

12                                    **II.**

13                                 **ANSWER**

14    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16  that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

18  the United States to be prescribed by healthcare providers who are by law authorized to

19  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

20  certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

21  which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

22  United States to be prescribed by healthcare providers who are by law authorized to prescribe

23  drugs in accordance with their approval by the FDA.  Defendants state that Bextra® and

24  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

26  were and are adequately described in their FDA-approved prescribing information, which was

27  at all times adequate and comported with applicable standards of care and law.  Defendants

28  deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Allegations Regarding Parties**

3    1.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

6    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7    regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

8    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

9    this paragraph of the Complaint.

10   2.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

13   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

14   regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

15   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

16   this paragraph of the Complaint.

17   3.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

19   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

20   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

21   regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

22   deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

23   this paragraph of the Complaint.

24   4.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

26   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

27   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

28   regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in

2    this paragraph of the Complaint.

3    5.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiffs'

5    used Celebrex®, and, therefore, deny the same.    Defendants deny that Celebrex® caused

6    Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the

7    Complaint.

8    6.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

10   citizenship, and, therefore, deny the same.    Defendants are without knowledge or information

11   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

12   regarding and whether Plaintiff used Bextra®, and, therefore, deny the same.    Defendants deny

13   that Bextra®   caused Plaintiff injury or damage and deny the remaining allegations in this

14   paragraph of the Complaint.

15   7.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

17   citizenship, and, therefore, deny the same.    Defendants are without knowledge or information

18   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

19   regarding and whether Plaintiff used Bextra®, and, therefore, deny the same.    Defendants deny

20   that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this

21   paragraph of the Complaint.

22   8.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiffs'

24   used Bextra®, and, therefore, deny the same.    Defendants deny that Bextra® caused Plaintiffs

25   injury or damage and deny the remaining allegations in this paragraph of the Complaint.

26   9.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

28   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.    Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    are without knowledge or information sufficient to form a belief as to the truth of the

2    allegations in this paragraph of the Complaint regarding and whether Decedent used

3    Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or

4    Decedent injury or damage and deny the remaining allegations in this paragraph of the

5    Complaint.

6    10.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs are the

8    heirs of Decedent, and, therefore, deny the same. Defendants are without knowledge or

9    information sufficient to form a belief as to the truth of the allegations in this paragraph of the

10   Complaint regarding and whether Decedent used Bextra® and Celebrex®, and, therefore, deny

11   the same. Defendants deny that Bextra® and Celebrex® caused Plaintiffs or Decedent injury or

12   damage and deny the remaining allegations in this paragraph of the Complaint.

13   11.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

14   business in New York. Defendants admit that, as the result of a merger in April 2003,

15   Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph

16   of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants

17   are without knowledge or information sufficient to form a belief as to the truth of such

18   allegations, and, therefore, deny the same. Defendants admit that, during certain periods of

19   time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United States, including

20   California, to be prescribed by healthcare providers who are by law authorized to prescribe

21   drugs in accordance with their approval by the FDA. Defendants deny the remaining

22   allegations in this paragraph of the Complaint.

23   12.    Defendants admit that Searle is a Delaware limited liability company with its principal

24   place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

25   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

26   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

27   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

28   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3    13.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

4    business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

5    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

6    Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

7    Bextra® and Celebrex® in the United States, including Oklahoma, Connecticut, Illinois,

8    Florida, New Mexico, Oregon, and California, to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10    deny the remaining allegations in this paragraph of the Complaint.

11    14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

13    providers who are by law authorized to prescribe drugs in accordance with their approval by the

14    FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

15    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

16    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

17    providers who are by law authorized to prescribe drugs in accordance with their approval by the

18    FDA. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

19    merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants deny

20    the remaining allegations in this paragraph of the Complaint.

21    15.    Defendants state that the allegations in this paragraph of the Complaint are not directed

22    towards Defendants and, therefore, no response is required. To the extent that a response is

23    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

24    allegations in this paragraph of the Complaint. Defendants lack knowledge or information

25    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

26    16.    Defendants state that this paragraph of the Complaint contains legal contentions to

27    which no response is required. To the extent that a response is deemed required, Defendants

28    state that the allegations in this paragraph of the Complaint are not directed towards Defendants

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    and, therefore, no response is required.

2    17.    Defendants state that the allegations in this paragraph of the Complaint are not directed

3    towards Defendants and, therefore, no response is required.    To the extent that a response is

4    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

5    allegations in this paragraph of the Complaint.    Defendants lack knowledge or information

6    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

7    18.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

9    providers who are by law authorized to prescribe drugs in accordance with their approval by the

10   FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

11   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

12   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

13   providers who are by law authorized to prescribe drugs in accordance with their approval by the

14   FDA.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used

15   in accordance with their FDA-approved prescribing information.    Defendants state that the

16   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   19.    Defendants state that the allegations in this paragraph of the Complaint regarding

21   "predecessors in interest" are vague and ambiguous.    Defendants are without knowledge or

22   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

23   the same.    Defendants deny the remaining allegations in this paragraph of the Complaint.

24   **Response to Allegations Regarding Jurisdiction and Venue**

25   20.    Defendants are without knowledge or information to form a belief as to the truth of the

26   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

27   in controversy, and, therefore, deny the same.    However, Defendants admit that Plaintiffs claim

28   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    interests and costs.

2    21.    Defendants are without knowledge or information to form a belief as to the truth of the

3    allegations in this paragraph of the Complaint regarding the judicial district in which the

4    asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra®

5    and Celebrex® were and are safe and effective when used in accordance with their FDA-

6    approved prescribing information.   Defendants deny committing a tort in the States of

7    Oklahoma, Connecticut, Illinois, Florida, New Mexico, Oregon, or California and deny the

8    remaining allegations in this paragraph of the Complaint.

9    22.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Bextra® and Celebrex® in the United States, including California, to be

11   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

12   with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

13   and Celebrex® were manufactured  and packaged for Searle, which developed, tested,

14   marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be

15   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

16   with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are

17   registered to and do business in the State of California.  Defendants state that the allegations in

18   this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.

19   Defendants are without knowledge or information sufficient to form a belief as to the truth of

20   such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the

21   States of Oklahoma, Connecticut, Illinois, Florida, New Mexico, Oregon, and California, and

22   deny the remaining allegations in this paragraph of the Complaint.

23                    **Response to Allegations Regarding Interdistrict Assignment**

24   23.    Defendants state that this paragraph of the Complaint contains legal contentions to

25   which no response is required.  To the extent that a response is deemed required, Defendants

26   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

27   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

28   Panel on Multidistrict Litigation on September 6, 2005.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Response to Factual Allegations

24.     Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

2  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

3  providers who are by law authorized to prescribe drugs in accordance with their approval by the

4  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

5  in accordance with their FDA-approved prescribing information.  Defendants state that the

6  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

7  approved prescribing information, which was at all times adequate and comported with

8  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9  remaining allegations in this paragraph of the Complaint.

10  26.      Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

11  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

12  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiffs fail to

13  provide the proper context for the remaining allegations in this paragraph of the Complaint.

14  Defendants lack knowledge or information sufficient to form a belief as to the truth of such

15  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  27.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

19  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

20  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

21  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

22  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

23  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

24  paragraph of the Complaint.

25  28.      Defendants state that Bextra® and Celebrex® were and are safe and effective when

26  used in accordance with their FDA-approved prescribing information.  Defendants state that the

27  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28  approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  this paragraph of the Complaint.

2  33.     Defendants state that the referenced article speaks for itself and respectfully refer the

3  Court to the article for its actual language and text.  Any attempt to characterize the article is

4  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6  this paragraph of the Complaint.

7  34.     Defendants state that the referenced FDA Updates speak for themselves and respectfully

8  refer the Court to the FDA Updates for their actual language and text.   Any attempt to

9  characterize the FDA Updates is denied.  Defendants state that Bextra® and Celebrex® were

10  and are safe and effective when used in accordance with their FDA-approved prescribing

11  information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are

12  adequately described in their FDA-approved prescribing information, which was at all times

13  adequate and comported with applicable standards of care and law.   Defendants deny the

14  remaining allegations in this paragraph of the Complaint.

15  35.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

16  used in accordance with their FDA-approved prescribing information.  Defendants state that the

17  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.   Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  36.     Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  37.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

28  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

2    2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

3    and respectfully refer the Court to the study for its actual language and text.  Any attempt to

4    characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

5    the Complaint.

6    38.    Defendants state that the referenced article speaks for itself and respectfully refer the

7    Court to the article for its actual language and text.  Any attempt to characterize the article is

8    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9    39.    Defendants state that the referenced study speaks for itself and respectfully refer the

10   Court to the study for its actual language and text.  Any attempt to characterize the study is

11   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

12   paragraph of the Complaint.

13   40.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

14   the Court to the Medical Officer Review for its actual language and text.  Any attempt to

15   characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

16   deny the remaining allegations in this paragraph of the Complaint.

17   41.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

18   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

19   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

20   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21   42.    Defendants state that the referenced articles speak for themselves and respectfully refer

22   the Court to the articles for their actual language and text.  Any attempt to characterize the

23   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

24   refer the Court to the study for its actual language and text.  Any attempt to characterize the

25   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   43.    Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text.  Any attempt to characterize the article is

28   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

paragraph of the Complaint.

44.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

50.    Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants deny the allegations in this paragraph of the Complaint.

54.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

65.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

6    paragraph of the Complaint.

7    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

12   paragraph of the Complaint.

13   69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

18   paragraph of the Complaint.

19   70.    Defendants deny any wrongful conduct and deny the remaining allegations contained in

20   this paragraph of the Complaint.

21   71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

26   paragraph of the Complaint.

27   72.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

73. Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000. Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text. Any attempt to characterize the letters is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

74. Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

75. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

76. Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

77. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

2    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

3    providers who are by law authorized to prescribe drugs in accordance with their approval by the

4    FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

5    in accordance with their FDA-approved prescribing information.  Defendants state that the

6    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10   78.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

12   providers who are by law authorized to prescribe drugs in accordance with their approval by the

13   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

14   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

15   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

16   providers who are by law authorized to prescribe drugs in accordance with their approval by the

17   FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the

18   FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2)

19   for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of

20   acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

21   adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

22   care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

23   spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

24   patients two years of age and older. Defendants admit, as indicated in the package insert

25   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

26   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

27   dysmenorrhea.  Defendants state that Bextra® and Celebrex® were and are safe and effective

28   when used in accordance with their FDA-approved prescribing information.  Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  that the potential effects of Bextra® and Celebrex® were and are adequately described in their

2  FDA-approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  79.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

6  used in accordance with their FDA-approved prescribing information.  Defendants state that the

7  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

8  approved prescribing information, which at all times was adequate and comported with

9  applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding

10  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

11  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

13  deny the allegations in this paragraph of the Complaint.

14  80.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

16  providers who are by law authorized to prescribe drugs in accordance with their approval by the

17  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

18  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

19  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

20  providers who are by law authorized to prescribe drugs in accordance with their approval by the

21  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

22  in accordance with their FDA-approved prescribing information.  Defendants state that the

23  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  81.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    providers who are by law authorized to prescribe drugs in accordance with their approval by the

2    FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

3    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

4    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

5    providers who are by law authorized to prescribe drugs in accordance with their approval by the

6    FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used

7    in accordance with their FDA-approved prescribing information. Defendants state that the

8    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9    approved prescribing information, which at all times was adequate and comported with

10   applicable standards of care and law. Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   82.      Defendants state that Bextra® and Celebrex® were and are safe and effective when

13   used in accordance with their FDA-approved prescribing information. Defendants state that the

14   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   83.      Defendants state that Bextra® and Celebrex® were and are safe and effective when

19   used in accordance with their FDA-approved prescribing information. Defendants state that the

20   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   84.      Defendants deny the allegations in this paragraph of the Complaint.

25   85.      Defendants state that Bextra® and Celebrex® were and are safe and effective when

26   used in accordance with their FDA-approved prescribing information. Defendants state that the

27   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

2   remaining allegations in this paragraph of the Complaint.

3   86.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

5   Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was

6   and is safe and effective when used in accordance with its FDA-approved prescribing

7   information. Defendants state that the potential effects of Celebrex® were and are adequately

8   described in its FDA-approved prescribing information, which was at all times adequate and

9   comported with applicable standards of care and law. Defendants deny any wrongful conduct

10  and deny the remaining allegations in this paragraph of the Complaint.

11  87.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13  Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants deny any

14  wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  88.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

17  used in accordance with their FDA-approved prescribing information. Defendants state that the

18  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

21  Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

22  the Complaint.

23  89.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

24  used in accordance with their FDA-approved prescribing information. Defendants state that the

25  potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

90.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Plaintiffs do not allege that Plaintiffs or Decedent used Celebrex® in this Complaint.  Nevertheless, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint regarding Vioxx®, aspirin, and ibuprofen.  Defendants therefore lack knowledge or

2    information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

3    same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    94.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

5    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

6    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

7    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

8    certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

9    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

11   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

12   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

13   providers who are by law authorized to prescribe drugs in accordance with their approval by the

14   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

16   this paragraph of the Complaint.

17   95.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

18   steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that, as stated in the FDA-

19   approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

20   prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

21   therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

22   (COX-1)."  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   96.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

97.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® was and is adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   101.    Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   102.    Defendants state that the referenced studies speak for themselves and respectfully refer

10  the Court to the studies for their actual language and text.  Any attempt to characterize the

11  studies is denied.  Defendants state that Bextra® was and is safe and effective when used in

12  accordance with its FDA-approved prescribing information.  Defendants state that the potential

13  effects of Bextra® were and are adequately described in its FDA-approved prescribing

14  information, which was at all times adequate and comported with applicable standards of care

15  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17  103.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  104.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

24  as of April 7, 2005.  Defendants admit that, during certain periods of time, Pfizer and

25  Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by

26  healthcare providers who are by law authorized to prescribe drugs in accordance with their

27  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

28  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-27-

distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

106.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

107.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   admit that they had duties as are imposed by law but deny having breached such duties.

3   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

4   accordance with their FDA-approved prescribing information.  Defendants state that the

5   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8   remaining allegations in this paragraph of the Complaint.

9   109.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

12  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

13  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

14  and Celebrex® were and are adequately described in their FDA-approved prescribing

15  information, which was at all times adequate and comported with applicable standards of care

16  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint, including all subparts.

18  110.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

21  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

22  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23  and Celebrex® were and are adequately described in their FDA-approved prescribing

24  information, which was at all times adequate and comported with applicable standards of care

25  and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are

26  unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

27  111.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28  used in accordance with their FDA-approved prescribing information.  Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-29-

1    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5    112.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7    Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

8    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

9    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10    and Celebrex® were and are adequately described in their FDA-approved prescribing

11    information, which was at all times adequate and comported with applicable standards of care

12    and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

13    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

14    the Complaint.

15    113.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

17    conditions and whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore,

18    deny the same.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex®

19    caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this

20    paragraph of the Complaint.

21    114.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

22    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

23    the Complaint.

24    115.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

25    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

26    the Complaint.

27    **Response to Second Cause of Action: Strict Liability**

28    116.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint as if fully set forth herein.

2    117.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

4    Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants admit that,

5    during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and

6    Celebrex® in the United States to be prescribed by healthcare providers who are by law

7    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

8    that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged

9    for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and

10   Celebrex® in the United States to be prescribed by healthcare providers who are by law

11   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

12   that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers

13   without substantial change from the time of sale.  Defendants deny the remaining allegations in

14   this paragraph of the Complaint.

15   118.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16   used in accordance with their FDA-approved prescribing information.  Defendants state that the

17   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.   Defendants deny the remaining allegations in this

20   paragraph of the Complaint.

21   119.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

22   used in accordance with their FDA-approved prescribing information.  Defendants state that the

23   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny that Bextra® or Celebrex® is defective

26   or unreasonably dangerous and deny the remaining allegations in this paragraph of the

27   Complaint.

28   120.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-31-

ANSWER TO COMPLAINT – 3:08-cv-1770-CRB

used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® and Celebrex® are defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

122. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of the Complaint.

123. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

2   Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

3   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

4   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

5   and Celebrex® were and are adequately described in their FDA-approved prescribing

6   information, which was at all times adequate and comported with applicable standards of care

7   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8   paragraph of the Complaint.

9   128.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

11  the Complaint.

12  129.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

13  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

14  the Complaint.

15  130.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

16  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

17  the Complaint.

18  **Response to Third Cause of Action: Breach of Express Warranty**

19  131.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  132.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23  Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

24  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

25  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26  and Celebrex® were and are adequately described in their FDA-approved prescribing

27  information, which was at all times adequate and comported with applicable standards of care

28  and law.    Defendants admit that they provided FDA-approved prescribing information

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   regarding Bextra® and Celebrex®.   Defendants deny the remaining allegations in this

2   paragraph of the Complaint.

3   133.   Defendants admit that they provided FDA-approved prescribing information regarding

4   Bextra® and Celebrex®.   Defendants deny the remaining allegations in this paragraph of the

5   Complaint.

6   134.   Defendants state that Bextra® and Celebrex® were and are safe and effective when

7   used in accordance with their FDA-approved prescribing information.   Defendants state that the

8   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9   approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.   Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   135.   Defendants state that Bextra® and Celebrex® were and are safe and effective when

13   used in accordance with their FDA-approved prescribing information.   Defendants state that the

14   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   136.   Defendants state that Bextra® and Celebrex® were and are safe and effective when

19   used in accordance with their FDA-approved prescribing information.   Defendants state that the

20   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.   Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   137.   Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

26   Decedent used Bextra® and Celebrex®, and, therefore, deny the same.   Defendants state that

27   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

28   FDA-approved prescribing information.   Defendants state that the potential effects of Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and Celebrex® were and are adequately described in their FDA-approved prescribing

2    information, which was at all times adequate and comported with applicable standards of care

3    and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

4    paragraph of the Complaint.

5    138. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

7    providers who are by law authorized to prescribe drugs in accordance with their approval by the

8    FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

9    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

10   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

11   providers who are by law authorized to prescribe drugs in accordance with their approval by the

12   FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

13   139. Defendants admit that they provided FDA-approved prescribing information regarding

14   Bextra® and Celebrex®. Defendants deny any wrongful conduct and deny the remaining

15   allegations in this paragraph of the Complaint.

16   140. Defendants state that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information. Defendants state that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

21   remaining allegations in this paragraph of the Complaint.

22   141. Defendants state that Bextra® and Celebrex® were and are safe and effective when

23   used in accordance with their FDA-approved prescribing information. Defendants state that the

24   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   142. Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-36-

ANSWER TO COMPLAINT – 3:08-cv-1770-CRB

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

146.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

147.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

152.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this paragraph of the Complaint.

153.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

154.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    information, which was at all times adequate and comported with applicable standards of care

2    and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and

3    deny the remaining allegations in this paragraph of the Complaint.

4    155.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

5    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

6    the Complaint.

7    156.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

8    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

9    the Complaint.

10    157.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

11    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

12    the Complaint.

13    **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

14    158.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15    Complaint as if fully set forth herein.

16    159.    Defendants state that this paragraph of the Complaint contains legal contentions to

17    which no response is required.  To the extent that a response is deemed required, Defendants

18    admit that they had duties as are imposed by law but deny having breached such duties.

19    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

20    accordance with their FDA-approved prescribing information.  Defendants state that the

21    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

22    approved prescribing information, which was at all times adequate and comported with

23    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24    remaining allegations in this paragraph of the Complaint.

25    160.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

26    used in accordance with their FDA-approved prescribing information. Defendants state that the

27    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28    approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-40-

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    161.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    162.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10   used in accordance with their FDA-approved prescribing information.  Defendants state that the

11   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   163.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16   used in accordance with their FDA-approved prescribing information.  Defendants state that the

17   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint.

21   164.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23   Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

24   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

25   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

26   and Celebrex® were and are adequately described in their FDA-approved prescribing

27   information, which was at all times adequate and comported with applicable standards of care

28   and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® is

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

2  the Complaint.

3  165.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4  used in accordance with their FDA-approved prescribing information.  Defendants state that the

5  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6  approved prescribing information, which was at all times adequate and comported with

7  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8  remaining allegations in this paragraph of the Complaint.

9  166.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11  Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

12  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

13  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

14  and Celebrex® were and are adequately described in their FDA-approved prescribing

15  information, which was at all times adequate and comported with applicable standards of care

16  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18  167.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20  Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

21  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

22  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

23  and Celebrex® were and are adequately described in their FDA-approved prescribing

24  information, which was at all times adequate and comported with applicable standards of care

25  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

26  paragraph of the Complaint.

27  168.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-42-

Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

169.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

170.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

171.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    and Celebrex® were and are adequately described in their FDA-approved prescribing

4    information, which was at all times adequate and comported with applicable standards of care

5    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

6    paragraph of the Complaint.

7    172.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

8    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

9    the Complaint.

10   173.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

11   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

12   the Complaint.

13   174.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

14   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

15   the Complaint.

16                   **Response to Sixth Cause of Action: Unjust Enrichment**

17   175.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

18   Complaint as if fully set forth herein.

19   176.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

23   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

24   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

25   providers who are by law authorized to prescribe drugs in accordance with their approval by the

26   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27   177.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

1    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

2    remaining allegations in this paragraph of the Complaint.

3    178.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

5    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the

6    remaining allegations in this paragraph of the Complaint.

7    179.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

9    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

10   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   and Celebrex® were and are adequately described in their FDA-approved prescribing

13   information, which was at all times adequate and comported with applicable standards of care

14   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   180.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18   Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

19   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

20   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

21   and Celebrex® were and are adequately described in their FDA-approved prescribing

22   information, which was at all times adequate and comported with applicable standards of care

23   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24   paragraph of the Complaint.

25   181.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

26   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

27   the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Seventh Cause of Action:**

2

**Violations of State Consumer Fraud and Deceptive Trade Practices Acts**

3    182.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    183.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required.  To the extent that a response is deemed required, Defendants

7    admit that they had duties as are imposed by law but deny having breached such duties.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9    184.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

12    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

13    FDA-approved prescribing information.    Defendants state that the potential effects of

14    Celebrex® were and are adequately described in their FDA-approved prescribing information,

15    which was at all times adequate and comported with applicable standards of care and law.

16    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17    the Complaint.

18    185.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20    Decedent used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

21    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

22    FDA-approved prescribing information.    Defendants state that the potential effects of

23    Celebrex® were and are adequately described in their FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or

26    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27    Complaint.

28    186.    Defendants are without knowledge or information sufficient to form a belief as to the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

2    Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants deny the

3    remaining allegations in this paragraph of the Complaint.

4    187.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

6    Decedent used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

7    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

8    FDA-approved prescribing information. Defendants state that the potential effects of

9    Celebrex® were and are adequately described in their FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   188.    Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is required. To the extent that a response is deemed required, Defendants

15   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

16   Complaint.

17   189.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

18   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

19   the Complaint.

20   190.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

21   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

22   the Complaint.

23   191.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

24   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

25   the Complaint.

26   192.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

27   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-47-

193.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Eighth Cause of Action: Wrongful Death

194.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

195.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint the relationship of the named individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Prayer For Relief

Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## III.

2

## GENERAL DENIAL

3       Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

4   Complaint that have not been previously admitted, denied, or explained.

5                                           IV.

6                            **AFFIRMATIVE DEFENSES**

7       Defendants reserve the right to rely upon any of the following or additional defenses to

8   claims asserted by Plaintiffs to the extent that such defenses are supported by information

9   developed through discovery or evidence at trial.  Defendants affirmatively show that:

10                                  **First Defense**

11  1.      The Complaint fails to state a claim upon which relief can be granted.

12                                  **Second Defense**

13  2.      Bextra® and Celebrex® are prescription medical products.  The federal government

14  has preempted the field of law applicable to the labeling and warning of prescription medical

15  products.  Defendants' labeling and warning of Bextra® and Celebrex® was at all times in

16  compliance with applicable federal law.  Plaintiffs' causes of action against Defendants,

17  therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would

18  conflict with applicable federal law and violate the Supremacy Clause of the United States

19  Constitution.

20                                  **Third Defense**

21  3.      At all relevant times, Defendants provided proper warnings, information and

22  instructions for the drugs in accordance with generally recognized and prevailing standards in

23  existence at the time.

24                                  **Fourth Defense**

25  4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

26  Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and

27  reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifth Defense**

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

**Sixth Defense**

6.      Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs and Decedent were not caused by Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs and Decedent.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.

ANSWER TO COMPLAINT – 3:08-cv-1770-CRB

1    Rather, the law requires that all such warnings and appropriate information be given to the

2    prescribing physician and the medical profession, which act as a "learned intermediary" in

3    determining the use of the product.  Bextra® and Celebrex® are prescription medical products,

4    available only on the order of a licensed physician.  Bextra® and Celebrex® provided adequate

5    warnings to Plaintiffs' and Decedent's treating and prescribing physicians.

6                                    **Thirteenth Defense**

7    13.    The products at issue were not in a defective condition or unreasonably dangerous at

8    the time they left the control of the manufacturer or seller.

9                                    **Fourteenth Defense**

10   14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe

11   and reasonably fit for their intended use and the warnings and instructions accompanying

12   Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were

13   legally adequate for their approved usages.

14                                   **Fifteenth Defense**

15   15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

16   Bextra® and Celebrex® allegedly ingested by Plaintiffs and Decedent were prepared in

17   accordance with the applicable standard of care.

18                                   **Sixteenth Defense**

19   16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or

20   abnormal use of the products Bextra® and Celebrex® after the products left the control of

21   Defendants and any liability of Defendants is therefore barred.

22                                   **Seventeenth Defense**

23   17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

24   Defendants.

25                                   **Eighteenth Defense**

26   18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of

27   preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Bextra® and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical products at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical products referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical products within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Twenty-sixth Defense

2    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

3    because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

4    ambit of Restatement (Second) of Torts § 402A, Comment k.

5

### Twenty-seventh Defense

6    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

7    products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

8    f to § 6 of the Restatement (Third) of Torts: Products Liability.

9

### Twenty-eighth Defense

10    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

11    Products Liability.

12

### Twenty-ninth Defense

13    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

14    plead facts sufficient under the law to justify an award of punitive damages.

15

### Thirtieth Defense

16    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

17    would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

18    the United States Constitution and the Constitutions of the States of Oklahoma, Connecticut,

19    Illinois, Florida, New Mexico, Oregon, and California, and would additionally violate

20    Defendants' rights to substantive due process under the Fourteenth Amendment of the United

21    States Constitution.

22

### Thirty-first Defense

23    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

24    Fourteenth Amendments to the United States Constitution.

25

### Thirty-second Defense

26    32.    The imposition of punitive damages in this case would violate the First Amendment to

27    the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States Oklahoma, Connecticut, Illinois, Florida, New Mexico, Oregon, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  guide and restrain the jury's discretion in determining whether to award punitive damages

2  and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance

3  notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive

4  damages based on out-of-state conduct, conduct that complied with applicable law, or conduct

5  that was not directed, or did not proximately cause harm, to Plaintiffs and Decedent; (4) permits

6  recovery of punitive damages in an amount that is not both reasonable and proportionate to the

7  amount of harm, if any, to Plaintiffs and Decedent and to the amount of compensatory damages,

8  if any; (5) permits jury consideration of net worth or other financial information relating to

9  Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in

10  post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient

11  standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy

12  Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*,

13  499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993);

14  *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co.*

15  *v. Campbell*, 538 U.S. 408 (2003).

16                            **Thirty-ninth Defense**

17  39.    The methods, standards, and techniques utilized with respect to the manufacture,

18  design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate

19  warnings and instructions with respect to the products' use in the package inserts and other

20  literature, and conformed to the generally recognized, reasonably available, and reliable state of

21  the knowledge at the time the products were marketed.

22                              **Fortieth Defense**

23  40.    The claims asserted in the Complaint are barred because Bextra® and Celebrex® were

24  designed, tested, manufactured and labeled in accordance with the state-of-the-art industry

25  standards existing at the time of the sale.

26                            **Forty-first Defense**

27  41.    If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint,

28  upon information and belief, such injuries and losses were caused by the actions of persons not

1  having real or apparent authority to take said actions on behalf of Defendants and over whom

2  Defendants had no control and for whom Defendants may not be held accountable.

3  **Forty-second Defense**

4  42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

5  and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for

6  which they were intended, and were distributed with adequate and sufficient warnings.

7  **Forty-third Defense**

8  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

9  waiver, and/or estoppel.

10  **Forty-fourth Defense**

11  44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

12  result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

13  diseases or illnesses, subsequent medical conditions or natural courses of conditions of

14  Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

15  **Forty-fifth Defense**

16  45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

17  and Celebrex® did not proximately cause injuries or damages to Plaintiffs and Decedent.

18  **Forty-sixth Defense**

19  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

20  and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

21  **Forty-seventh Defense**

22  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

23  manufacturing, labeling, packaging, and any advertising of the products complied with the

24  applicable codes, standards and regulations established, adopted, promulgated or approved by

25  any applicable regulatory body, including but not limited to the United States, any state, and

26  any agency thereof.

27  **Forty-eighth Defense**

28  48.    The claims must be dismissed because Plaintiffs and Decedent would have taken

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs

2  contend should have been provided.

3  **Forty-ninth Defense**

4  49.    The claims asserted in the Complaint are barred because the utility of Bextra® and

5  Celebrex® outweighed their risks.

6  **Fiftieth Defense**

7  50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

8  collateral sources.

9  **Fifty-first Defense**

10  51.    Defendants' liability, if any, can only be determined after the percentages of

11  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

12  any, are determined.    Defendants seek an adjudication of the percentage of fault of the

13  claimants and each and every other person whose fault could have contributed to the alleged

14  injuries and damages, if any, of Plaintiffs and Decedent.

15  **Fifty-second Defense**

16  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that

17  the common law gives deference to discretionary actions by the United States Food and Drug

18  Administration under the Federal Food, Drug, and Cosmetic Act.

19  **Fifty-third Defense**

20  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

21  and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug

22  & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under,

23  and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to

24  implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing

25  regulations, and with the specific determinations by FDA specifying the language that should

26  be used in the labeling accompanying Bextra® and Celebrex®.    Accordingly, Plaintiffs' claims

27  are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2,

28  and the laws of the United States.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Fifty-fourth Defense**

2    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

3    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

4

**Fifty-fifth Defense**

5    55.    Defendants state on information and belief that the Complaint and each purported

6    cause of action contained therein is barred by the statutes of limitations contained in California

7    Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of

8    limitation as may apply.

9

**Fifty-sixth Defense**

10    56.    Defendants state on information and belief that any injuries, losses, or damages

11    suffered by Plaintiffs or Decedent were proximately caused, in whole or in part, by the

12    negligence or other actionable conduct of persons or entities other than Defendants.  Therefore,

13    Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil

14    Code § 1431.2.

15

**Fifty-seventh Defense**

16    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

17    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

18    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

19    damages is also barred under California Civil Code § 3294(b).

20

**Fifty-eighth Defense**

21    58.    Oklahoma's judicially-created definitions of manufacturing defect and design defect,

22    and standard for determining whether there has been an actionable failure to warn, are

23    unconstitutional in that, among other things, they are void for vagueness and an undue burden

24    on interstate commerce, as well as an impermissible effort to regulate in an area that previously

25    has been preempted by the federal government.

26

**Fifty-ninth Defense**

27    59.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

28    Defendants, no act or omission was in reckless disregard for the rights of others, committed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    intentionally and with malice toward others in conduct life-threatening to humans, under Okla.

2    Stat. tit. 23 § 9.1, and therefore, any award of punitive damages is barred.  Any claim for

3    punitive damages is also barred under Okla. Stat. tit. 23 § 9.1 and the Oklahoma State

4    Constitution.

5                                        **Sixtieth Defense**

6    60.    The claims asserted in the Complaint are barred, in whole or in part, because

7    Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act,

8    815 ILCS 505/1 et seq., and/or this Act is not applicable to this matter and/or to these Plaintiffs.

9                                       **Sixty-first Defense**

10   61.    Plaintiffs failed to allege conduct warranting imposition of punitive damages under

11   New Mexico law.

12                                      **Sixty-second Defense**

13   62.    The standards in New Mexico governing the award and review of damages for non-

14   pecuniary damages, including damages for mental anguish and pain and suffering, are

15   impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do

16   not include amounts intended as exemplary damages, which are impermissible in a

17   compensatory damages award.

18                                       **Sixty-third Defense**

19   63.    Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or

20   overbroad, and are in contravention of Defendants' rights under various provisions of the New

21   Mexico Constitution, including but not limited to Art. II §§ 4, 13, 15, 18, and 19.

22                                      **Sixty-fourth Defense**

23   64.    Plaintiffs' claim for non-economic damages is subject to the statutory limitations set

24   forth in ORS 31.710.

25                                       **Sixty-fifth Defense**

26   65.    Plaintiffs are not entitled to a private right of action under ORS 646.638.

27                                       **Sixty-sixth Defense**

28   66.    Defendants' conduct complied with the orders or rules of, or a statute administered by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

a federal, state or local government agency, and, accordingly, Defendants are not liable under ORS 646.608.

### Sixty-seventh Defense

67.     Defendants are entitled to an award of attorney fees pursuant to ORS 646.638(3).

### Sixty-eighth Defense

68.     Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### Sixty-ninth Defense

69.     Plaintiffs' claims are barred because Celebrex® was and Bextra® were designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### Seventieth Defense

70.     Celebrex® and Bextra® are  not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® and Bextra® alleged to have been used by Plaintiffs and Decedents, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Seventy-first Defense

71.     Plaintiffs' and Decedents' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs and Decedents, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.    The persons or entities referred to in this paragraph that are presently

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells*

2   *Fargo*, 678 So. 2d 1262 (Fla. 1996).

3                                   **Seventy-second Defense**

4   72.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

5   Practices Act ("FDUTPA").

6                                   **Seventy-third Defense**

7   73.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

8   FDUTPA claim is improper and should be dismissed.

9                                   **Seventy-fourth Defense**

10   74.    The acts or practices of which Plaintiffs complain were and are required or specifically

11   permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

12   a claim, and should be dismissed with prejudice.

13                                   **Seventy-fifth Defense**

14   75.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with

15   regard to Plaintiffs or otherwise.

16                                   **Seventy-sixth Defense**

17   76.    Defendants reserve the right to supplement their assertion of defenses as they continue

18   with their factual investigation of Plaintiffs' claims.

19                                            **V.**

20                                          **PRAYER**

21   WHEREFORE, Defendants pray for judgment as follows:

22   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

23   2.    That the Complaint be dismissed;

24   3.    That Defendants be awarded their costs for this lawsuit;

25   4.    That the trier of fact determine what percentage of the combined fault or other liability

26        of all persons whose fault or other liability proximately caused Plaintiffs' and

27        Decedent's alleged injuries, losses or damages is attributable to each person;

28   5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    than an amount which equals their proportionate share, if any, of the total fault or other

2    liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

3  6.    That Defendants have such other and further relief as the Court deems appropriate.

4

5    May 15, 2008                                    GORDON & REES LLP

6

7                                                   By: : _____/s/_____
                                                        Stuart M. Gordon
8                                                       sgordon@gordonrees.com
                                                        Embarcadero Center West
9                                                       275 Battery Street, 20th Floor
                                                        San Francisco, CA 94111
10                                                      Telephone:  (415) 986-5900
                                                        Fax:  (415) 986-8054
11

12   May 15, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                  By: : _____/s/_____
                                                        Michael C. Zellers
15                                                      michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
16                                                      Los Angeles, CA 90071
                                                        Telephone:  (213) 430-3400
17                                                      Fax:  (213) 430-3409

18                                                      Attorneys for Defendants
                                                        PFIZER INC., PHARMACIA
19                                                      CORPORATION, and G.D. SEARLE
                                                        LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 15, 2008                           GORDON & REES LLP

6

7                                          By: :_____/s/_____
8                                             Stuart M. Gordon
                                              sgordon@gordonrees.com
9                                             Embarcadero Center West
                                              275 Battery Street, 20th Floor
10                                            San Francisco, CA  94111
                                              Telephone:  (415) 986-5900
11                                            Fax:  (415) 986-8054

12  May 15, 2008                           TUCKER ELLIS & WEST LLP

13

14                                         By:_____/s/_____
15                                            Michael C. Zellers
                                              michael.zellers@tuckerellis.com
16                                            515 South Flower Street, Suite 4200
                                              Los Angeles, CA 90071
17                                            Telephone:  (213) 430-3400
                                              Fax:  (213) 430-3409

18                                            Attorneys for Defendants
19                                            PFIZER INC., PHARMACIA
                                              CORPORATION, and G.D. SEARLE
20                                            LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1770-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111